not act as seller of its own merchandise or that no payment was made by the manufacturer to Pacific Sales Corp.

Accordingly, the evidence is insufficient to establish that a *bona fide* buying commission arrangement existed between the parties. Plaintiff has, therefore, failed to overcome the presumption of correctness attaching to the action of the appraiser.

I, therefore, find as matters of fact:

1. That the involved merchandise consists of transistor radios, exported from Japan.

2. That the instant merchandise was appraised on the basis of export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165, at the invoice unit price, plus a buying commission, export packing charges, and shipping charges.

3. That plaintiff has failed to overcome the presumption of correctness attaching to the action of the appraiser.

Accordingly, I conclude as matters of law:

1. That the instant merchandise is properly dutiable on the basis of export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165.

2. That such value is the appraised unit value thereof.

Judgment will be rendered accordingly.

**REHEARING MOTION DENIED**

FEBRUARY 15, 1965

Reap. Dec. 10907.—Tiya Caviar Co. *v.* United States, ■■■■■■■ Reappraisements dismissed December 1, 1964. Motion by plaintiff.

(Reap. Dec. 10908)

ARTHUR J. FRITZ & CO., INC., ET AL. *v.* UNITED STATES

Entry No. 1260, etc.

(Decided March 8, 1965)

*Glad & Tuttle* (*George R. Tuttle, Jr.*, of counsel) for the plaintiffs.
*John W. Douglas*, Assistant Attorney General (*Sheila N. Ziff*, trial attorney), for the defendant.